{¶ 21} I concur with the majority's ruling that the trial court's entering of summary judgment in favor of appellees was not proper because "it appears from the evidence presented that [appellant's] accident was unrelated to her employment." However, I disagree with the majority's decision to remand this matter to the trial court to retry the issue of whether appellee's accident was within the scope of her employment.
 {¶ 22} As argued in appellant's third assignment of error, appellee breached the notice provisions of the insurance contract by failing to give prompt notice and provide information about her claim. "Notice provisions in insurance contracts * * * provide the insurer the ability to determine whether the allegations state a claim that is covered by the policy." OrmetPrimary Aluminum Corp. v. Employers Ins. of Wausau,88 Ohio St.3d 292, 302-303, 2000-Ohio-330. In this case, appellee has yet to inform either appellant or the court whether she was acting within the scope of her employment at the time of the accident. Therefore, appellee is barred from receiving UIM benefits because notice was unreasonable and for breach of the policy's terms.Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, at ¶ 81 ("An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary."). Appellant's third assignment of error has merit. Resolution of the case on the basis of failure to give prompt notice renders appellant's second assignment of error moot.
 {¶ 23} For those reasons, the judgment of the Ashtabula County Court of Common Pleas should be reversed, and judgment should be entered for appellant.